UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTRO VETERINARIO Y AGRICOLA LIMITADA,<br><br>      Plaintiff,<br> v.<br><br>AQUATIC LIFE SCIENCES, INC.,<br><br>      Defendant. | CASE NO. 2:23-cv-00693-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

  This matter comes before the Court on a motion to dismiss filed by Defendant Aquatic Life Sciences, Inc., doing business as Syndel ("Syndel"). Dkt. No. 17. Syndel argues that the forum selection clause in its contract with Plaintiff Centro Veterinario y Agricola Limitada, doing business as Centrovet Laboratories, Inc. ("Centrovet"), requires that this case be heard in the state courts in Whatcom County, Washington. The Court agrees and grants the motion to dismiss. Because this case belongs in another forum, the Court denies Centrovet's motion for a temporary restraining order without prejudice. Dkt. No. 11.

## I. BACKGROUND

Centrovet is a Chilean corporation that entered into a contract with Syndel, a Washington corporation, in 2013. Dkt. No. 1 at 2; Dkt. No. 1-1 at 2–19 (the parties' agreement). In 2021, the parties extended the contract's term until 2030 with its other terms "remain[ing] in full force and effect." Dkt. No 1-3 at 2.

The parties' contract appointed Centrovet as the distributor of various Syndel products, including the product at issue in this case, Parasite S or Aqualife Formalina product ("Parasite S"). Dkt. No. 1 at 2; Dkt. No. 1-1 at 2–3, 16. Parasite S is "a parasiticide for the control of external parasites on both fish and fish eggs." Dkt. No. 11 at 7.

On May 11, 2023, Centrovet filed suit against Syndel in this Court, asserting claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and declaratory judgment. Dkt. No. 1 at 7–11. Centrovet avers that Syndel violated the parties' contract by delaying in applying for renewal of permission to use Parasite S from Directemar, the "Chilean organization responsible for preserving the aquatic environment and marine natural resources in Chile." *Id.* at 3. Centrovet contends that Syndel "deliberately sat on its hands" and delayed the application so Directemar would deny it, and Syndel could then "replace Centrovet with a local distributor for whom Syndel could charge a higher price for Parasite S." *Id.* at 3–4.

As relevant here, the "Applicable Law and Jurisdiction" section of the contract provides as follows:

> This Agreement shall be construed and interpreted in accordance with the laws of Washington State USA.
>
> In case of a dispute which cannot be solved amicably, the Parties agree that only the courts of Washington State, Whatcom County USA will be competent for settlement of the dispute.

Dkt. No. 1-1 at 15.

On June 7, 2023, Centrovet filed an emergency motion for temporary restraining order and preliminary injunction. Dkt. No. 11. The same day, Syndel filed a motion to dismiss based on the contract's forum selection clause. Dkt. No. 12. Because Syndel's motion did not contain the required certification that it made a meaningful effort to confer with Centrovet before filing its dispositive motion as required by the Court's Standing Order for All Civil Cases, Dkt. No. 6 at 6, the Court ordered Syndel to show cause why its motion to dismiss should not be stricken. The Court also issued a briefing schedule for the motion for a TRO and motion to dismiss (if it was not stricken). Dkt. No. 14. On June 8, 2023, Syndel withdrew its motion to dismiss, met and conferred with Centrovet's counsel, and filed a renewed motion to dismiss on the same day. Dkt. No. 17; Dkt. No. 18 at 5–6.

On June 9, 2023, Centrovet filed what is described as its "*preliminary response*" to Syndel's motion to dismiss. Dkt. No. 19 at 2. Based on Centrovet's implication that it needed additional time to respond to the motion, the Court allowed it to file a supplemental brief by June 12, 2023. *See* June 9, 2023 Minute Entry.[1] Centrovet timely filed its supplemental response to the motion to dismiss, Dkt. No. 23, and Syndel filed its reply, Dkt. No. 27. Briefing on both Centrovet's motion for a TRO and Syndel's motion to dismiss was complete on June 13, 2023.

## II. DISCUSSION

Diversity jurisdiction exists because Centrovet is a citizen of a foreign state (Chile), Syndel is a Washington corporation, and the complaint reasonably alleges that the amount in controversy exceeds $75,000. Dkt. No. 1 at 2; 28 U.S.C. § 1332(a)(2). However, as explained below, just because the Court has jurisdiction does not mean that the case belongs before this Court. *See Atl.*

---

[1] The Court rejects Centrovet's contention that it should be allowed to have until June 26, 2023 to respond to Syndel's motion to dismiss. Dkt. No. 19 at 5. Centrovet filed its motion for a TRO claiming that it requires emergency relief, Dkt. No. 11, so the Court will not delay its determination of the proper forum.

ORDER GRANTING MOTION TO DISMISS - 3

*Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 59 (2013) (explaining that a court may enforce a forum selection clause even if venue is not wrong or improper).

A.      **The Parties Agreed to Litigate in the State Courts in Whatcom County**

The parties hotly dispute the meaning of their contract's forum selection clause. Syndel argues that the agreement to litigate "only" in the courts "of Washington State, Whatcom County USA" evinces an intent to litigate exclusively in the state courts of Whatcom County. Dkt. No. 17 at 6. Centrovet counters that the clause covers all courts pertaining to Whatcom County, including this court that "serves as the federal trial court for Whatcom County." Dkt. No. 1 at 2; Dkt. No. 19 at 8–9.[2]

Federal law governs the interpretation of a forum selection clause in a diversity case. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63. To interpret a forum selection clause, the Court looks "to general principles for interpreting contracts." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (cleaned up). "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999); *see also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (courts apply the "primary rule of interpretation" that "the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it" (cleaned up)). "Whenever possible, the plain language of the contract should be

---

[2] *See also* LCR 3(e)(1) (stating principles regarding intradistrict case assignment including that "[i]n all civil cases in which all defendants reside or in which all defendants have their principal places of business, or in which the claim arose in the count[y] of . . . . Whatcom, the case will usually be assigned to a judge in Seattle.").

ORDER GRANTING MOTION TO DISMISS - 4

1   considered first." *Klamath Water Users Protective Ass'n*, 204 F.3d at 1210.

2   The parties both assert that the forum selection clause is not ambiguous. Dkt. No. 23 at 5; Dkt. No. 27 at 9. The Court agrees that the clause is susceptible to only one reasonable interpretation. *See Klamath Water Users Protective Ass'n*, 204 F.3d at 1210 (a contract is ambiguous only "if reasonable people could find its terms susceptible to more than one interpretation"); *see also EnerWaste Int'l Corp. v. Energo SRL*, 421 F. App'x 686, 687 (9th Cir. 2011) (finding that a forum selection clause was not ambiguous where "any reasonable person" would have understood it to designate a particular forum).

3   The Ninth Circuit analyzed similar contract language in *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009) (per curiam). There, the parties' forum selection clause provided that "exclusive jurisdiction resides . . . in the courts of Virginia." *Id.* at 1080. Explaining that "[t]he clause's use of the preposition 'of'—rather than 'in'—is determinative," the court held that the forum selection clause included the "state courts of Virginia only," and not "federal courts in Virginia." *Id.* at 1082 ("courts 'of' Virginia refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia," while federal district courts "proceed from, and find their origin in, the federal government"). *Doe 1* thus stands for the rule "that a forum selection clause that specifies 'courts of' a state limits jurisdiction to state courts, but specification of 'courts in' a state includes both state and federal courts." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011).

4   Here, the parties' contract provides that disputes will be resolved by the courts "of Washington State." Dkt. No. 1-1 at 15. That preposition is key: courts "of" a jurisdiction refer to courts of that sovereign, and courts "in" a jurisdiction refer to courts in a geographic area. *See, e.g., Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (holding that the "federal court located in Colorado is not a court *of* the *State* of Colorado but rather a court *of* the *United States of America*. In other words, the contract language at issue refers to

ORDER GRANTING MOTION TO DISMISS - 5

sovereignty rather than geography."). The clause thus refers to Washington state courts, not federal courts.

In addition, the forum selection clause mandates that the state courts of Whatcom County are the exclusive forum. *Id.* To be mandatory, "a forum selection clause must contain mandatory language that specifies a venue or clearly designates a forum as the exclusive one," *Blankenship v. Safeco Ins. Co. of Am.*, No. C21-5914-BHS, 2022 WL 1090553, at *2 (W.D. Wash. Mar. 11, 2022), such as "'will' or 'shall' in conjunction with a choice of" forum, *Merrell v. Renier*, No. C06-404-JLR, 2006 WL 1587414, at *2 (W.D. Wash. June 6, 2006). Here, the parties' forum selection clause states that "*only* the courts of Washington State, Whatcom County USA *will* be competent for the settlement" of disputes. Dkt. No. 1-1 at 15 (emphasis added). The clause is therefore mandatory and exclusive. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763–64 (9th Cir. 1989) (finding that the language "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was mandatory because it "makes clear that venue, the place of suit, lies exclusively in the designated county"); *Vaporpath, Inc. v. WNA, Inc.*, No. 3:19-cv-05807-RBL, 2019 WL 6498165, at *1, 3 (W.D. Wash. Dec. 3, 2019) (where clause at issue used the word "only," the designated courts were "the only ones with jurisdiction" over the parties' disputes).

Centrovet argues that the inclusion of "USA" after Whatcom County reflects the parties' intent to allow a federal court in the Western District of Washington to preside over the matter. Dkt. No. 23 at 2. That interpretation is inconsistent with the holding in *Doe 1*. A plain reading of the provision makes it clear that "USA" refers to the country where "Washington State, Whatcom County" is located—a geographic descriptor—and not to federal courts. That conclusion is strengthened by the inclusion of "USA" in the preceding sentence following "Washington State." Dkt. No. 1-1 at 15 ("This Agreement shall be construed and interpreted in accordance with the

laws of Washington State USA."); *see also Doe 1*, 552 F.3d at 1081 ("We read a written contract as a whole, and interpret each part with reference to the whole."). And specifying Washington State and Whatcom County "USA" is logical and not superfluous given that Centrovet is a Chilean company. Dkt. No. 1 at 1; *see also FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 754–55 (4th Cir. 2010) (holding that "the courts of the State of Virginia, USA" included Virginia state courts but not federal court).

Centrovet further argues that the use of the plural "courts" encompasses both state and federal courts. Dkt. No. 23 at 3–5; Dkt. No. 19 at 8 ("There is only **one** Washington state court (singular) in Whatcom County[.]" (emphasis original)). But there is more than one state court in Whatcom County, including a district court and a superior court. *See* Washington State Court Directory: Whatcom County, https://www.courts.wa.gov/court_dir/orgs/296.html (last visited June 15, 2023). And even if Centrovet is correct that only Whatcom County Superior Court would have jurisdiction over *this* dispute given the alleged amount in controversy, that does not mean that the parties anticipated that *all* of their potential disputes arising out of the contract would exceed that monetary threshold. *See* Wash. Rev. Code § 3.66.020 (providing that Whatcom County District Court has jurisdiction over civil matters if the amount at issue does not exceed $100,000); *see also Fornaro v. RMC/Res. Mgmt. Co.*, 201 F. App'x 783, 784 (1st Cir. 2006) (per curiam) (rejecting argument that the plural word "courts" included federal court and concluding that it was "far more likely that the parties intended the phrase 'courts of Carroll County, New Hampshire' to mean the courts that trace their origin to the state, i.e., the Carroll County, New Hampshire state courts," which included superior and district courts). The court thus rejects Centrovet's argument that because "courts" is plural, the term must refer to both state and federal courts.

Centrovet also argues that the forum selection clause is conditioned on the existence of "a dispute which cannot be solved amicably," but Syndel "did not attempt to solve the dispute

amicably." Dkt. No. 19 at 9. However, that condition has been met: Centrovet's lawsuit is a dispute that was not amicably resolved. And if Centrovet is attempting to argue that Syndel should be estopped from claiming the existence of such a dispute, it has failed to demonstrate that estoppel applies as set forth below.

In sum, the Court finds that the forum selection clause unambiguously evinces the parties' intent to litigate their disputes exclusively in the state courts in Whatcom County, Washington.

**B.   The Forum Selection Clause Is Valid**

Having interpreted the forum selection clause, the Court turns to its validity. "The validity of a forum-selection clause is valid governed by federal law." *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1164 (9th Cir. 2020).[3] Under federal law, forum selection clauses are presumptively valid, *Manetti-Farrow, Inc.*, 858 F.2d at 514, and parties challenging their validity bear a "heavy burden of proof," *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972). Specifically, the plaintiff must make a "strong showing" that:

> (1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the plaintiff will for all practical purposes be deprived of his day in court.

*Lewis*, 953 F.3d at 1165 (cleaned up); *see also Bremen*, 407 U.S. at 15 (explaining that district courts should enforce forum selection clauses unless the challenging party shows "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."). Centrovet does not argue that of any of the specific problems enumerated in *Lewis* and *Bremen* exist here. It instead offers numerous, unavailing arguments for its position

---

[3] There are circumstances under which state law governs the threshold question of validity, including where a state statute voids the forum selection clause at issue. *See, e.g.*, *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F. 4th 956, 963–64 (9th Cir. 2022). Centrovet does not identify any such state public policy or statute here.

that the forum selection clause does not warrant dismissal and the Court should nevertheless rule on its motion for a TRO. Dkt. No. 19 at 3–5; Dkt. No. 23 at 2–6.

Centrovet first argues that Syndel waived its right to enforce the forum selection clause by filing its motion to dismiss two days after the date its response to the complaint was due. Dkt. No. 19 at 2–4, 6–8. It notes that a "Rule 12(b)(3) defense is waived if not timely asserted by motion." *Id.* at 4 (citing Rule 12(h)). But Syndel is not asserting improper venue under Rule 12(b)(3); it is seeking dismissal based on *forum non conveniens*. Dkt. No. 17 at 2 n.5. That doctrine applies even if venue is proper. *Atl. Marine*, 571 U.S. at 59–60.

Moreover, waiver of a forum selection clause "will only be found where there is clear, decisive, and unequivocal conduct manifesting such an intent[.]" *Neighborcare Health v. Porter*, No. C11-1391-JLR, 2012 WL 13049188, at *4 (W.D. Wash. July 24, 2012). Centrovet bears the burden of proving a waiver and "must do so by clear and convincing evidence." *Id.* Centrovet relies on *Jiangsu Jintan Liming Garments Factory v. Empire Imports Grp., Inc.*, No. 650163/2016, 2017 WL 931325, at *7 (N.Y. Sup. Ct. Mar. 9, 2017), where the court stated that a "party waives a forum selection clause defense by failing to raise it in answer or a pre-answer motion to dismiss." *See* Dkt. No. 19 at 6. But here, Syndel raised the issue in its motion to dismiss and did not otherwise consent to litigate in this forum. *See, e.g.*, *Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc.*, 138 F. Supp. 3d 1183, 1187–89 (W.D. Wash. 2015) (declining to find a waiver based on defendant's 11-month delay in moving to dismiss for *forum non conveniens* and a forum selection clause); *Travelers Prop. Cas. Co. of Am. v. Expeditors Int'l of Wash., Inc.*, 626 F. Supp. 3d 1193, 1198 (W.D. Wash. 2022) (rejecting waiver argument where the defendant moved to transfer the case a year after it was filed); *see also* 14D Charles Alan Wright, & Arthur R. Miller, Federal Practice and Procedure § 3828 (4th ed.) ("In modern litigation, there generally is no time limit on when a motion to dismiss for forum non conveniens must be made," which "distinguishes forum non

conveniens from the motion to dismiss for improper venue, to which the strict timing requirements of Civil Rule 12(h) apply."). Syndel did not waive its right to rely on the forum selection clause.

Centrovet also avers that Syndel should be equitably estopped from relying on the forum selection clause because Syndel has taken the position that the contract terminated and it was "working with Centrovet's direct competitor in Chile[.]" Dkt. No. 19 at 4; *see also id.* at 7. In contract law, the equitable estoppel doctrine precludes a party "who accepts the benefits [of a contract] from repudiating the accompanying or resulting obligation." *Kingsley Capital Mgmt., LLC v. Sly*, 820 F. Supp. 2d 1011, 1023 (D. Ariz. 2011) (quoting 28 Am. Jur. 2d Estoppel and Waiver § 60 (2011)).[4] But here, Syndel's position that the contract ended by its own terms is not inconsistent with its desire to enforce the forum selection clause for disputes arising under the contract. Both its reliance on the clause, and Centrovet's breach of contract claim, are premised on the existence of the contract rather than a repudiation thereof. Estoppel is inapplicable, and Centrovet has not met its "heavy burden" to show that the forum selection clause is invalid.

### C. Dismissal Is Warranted

Where, as here, the forum selection clause identifies a non-federal forum, courts follow the *forum non conveniens* doctrine rather than 28 U.S.C. § 1404(a). *Atl. Marine*, 571 U.S. at 60–61. However, "because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing

---

[4] Under Washington law, the elements of equitable estoppel are "(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in reasonable reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement, or admission." *GMAC v. Everett Chevrolet, Inc.*, 317 P.3d 1074, 1084 (Wash. Ct. App. 2014) (cleaned up). The party asserting equitable estoppel must prove all of the elements by clear, cogent, and convincing evidence. *Id.* The elements under federal law are similar. *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991) (listing elements including "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance.").

ORDER GRANTING MOTION TO DISMISS - 10

to a federal forum." *Id.* at 61. Specifically, when the parties' agreement contains a valid forum-selection clause pointing to a non-federal forum, courts give "no weight" to the plaintiff's choice of forum, and instead the plaintiff bears the burden of establishing that dismissal is unwarranted. *Id.* In addition, "a district court may consider arguments about public-interest factors only," and "should not consider arguments about the parties' private interests," including arguments about the inconvenience of the forum to which they agreed. *Id.* at 64. And finally, dismissal in favor of the chosen venue "will not carry with it the original venue's choice-of-law rules." *Id.*

The public interest factors for consideration in this context may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6, 64; *see also Bridgemans Servs. Ltd. v. George Hancock, Inc.*, No. C14-1714-JLR, 2015 WL 4724567, at *4 (W.D. Wash. Aug. 7, 2015) (listing public interest factors). Here, Centrovet argues that this Court should rule on its pending motion for a TRO to further judicial economy. Dkt. No. 19 at 6. But Centrovet does not argue that the Whatcom County courts are "congested" or that it will otherwise be unable to obtain an efficient adjudication there.[5] While Centrovet correctly notes that the case is already pending here, that is true only because Centrovet filed suit in an unagreed-to forum. Any delay resulting from that choice is of its own making. *Atlantic Marine*, 571 U.S. at 68, n. 8 ("dismissal would work no injustice on the plaintiff" because it was "the plaintiff [who] violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause.").

Centrovet also argues that the Court has discretion to dismiss a case based on *forum non*

---

[5] Instead of specifics, Centrovet offers only unsupported generalities such as "[f]ederal courts typically move faster than state courts (which tend to have a greater caseload)[.]" Dkt. No. 23 at 3. The other two public interest factors enumerated in *Atlantic Marine* are neutral because either way, the dispute will be resolved in Washington applying Washington law. Dkt. No. 1-1 at 15.

ORDER GRANTING MOTION TO DISMISS - 11

*conveniens*, and it should exercise that discretion to retain the case and rule on Centrovet's motion for a TRO. Dkt. No. 19 at 4–5. But having this Court rule on a motion for a TRO—which if granted would alter the parties' legal relationship—would upend the parties' bargained-for contractual expectations. *Atl. Marine*, 571 U.S. at 63 (explaining that because a contractual forum selection clause has been bargained for by the parties and "protects their legitimate expectations and furthers vital interests of the justice system," it should be "given controlling weight in all but the most exceptional cases." (cleaned up)); *Key Equip. Fin. v. Barrett Bus. Servs., Inc.*, No. 3:19-cv-05122-RBL, 2019 WL 2491893, at *6 (W.D. Wash. June 14, 2019) (noting that "[t]he Supreme Court's main goal in *Atlantic Marine* was to ensure that parties' 'legitimate expectations' are given effect."). The Court is unwilling to disregard the parties' valid, enforceable forum selection clause, particularly in the absence of any public interest factors weighing in favor of that result. Accordingly, the Court dismisses Centrovet's complaint without prejudice on the grounds of *forum non conveniens*.[6]

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Syndel's motion to dismiss, DENIES without prejudice Centrovet's motion for a TRO, and dismisses this case without prejudice. Dkt. No. 17.

Dated this 16th day of June, 2023.

Lauren King
United States District Judge

---

[6] The Court does not entertain Syndel's request in its reply brief for the Court to award it "fees and costs associated with all the briefing on this issue" under Rule 11, Dkt. No. 27 at 11, because the Court does not consider requests for relief made in a response or reply brief; such requests deprive the opposing party of an opportunity to respond, *Walsh v. Walmart, Inc.*, No. 2:22-cv-01313-LK, 2023 WL 3304216, at *5 n.4 (W.D. Wash. May 8, 2023). Nor has Syndel complied with the prerequisites to obtain Rule 11 sanctions. Fed. R. Civ. P. 11(c).