1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| CENTRO VETERINARIO Y AGRICOLA LIMITADA,<br><br>                    Plaintiff,<br>          v.<br><br>AQUATIC LIFE SCIENCES, INC.,<br><br>                    Defendant. | CASE NO. 2:23-cv-00693-LK<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES |

16

17

18

19

20

21

        This matter comes before the Court on Defendant Aquatic Life Sciences, Inc.'s ("Syndel")

Motion for an Order Authorizing Entitlement of Attorney's Fees and Costs Pursuant to FRCP

54(d) Based on Contract. Dkt. No. 32. Plaintiff Centro Veterinario y Agricola Limitada

("Centrovet") opposes the motion. Dkt. No. 34.[1] For the reasons set forth below, the Court denies

the motion without prejudice.

22

23

24

---

[1] Centrovet misrepresented the length of its opposition brief to the Court by excluding the text of the contract language in its word count. Dkt. No. 34 at 12, 16. It apparently thought this would be permissible because it pasted the text of the contract language into its brief as an image. *Id.* at 12. However, the word count rules do not exclude words that appear in images. *See generally* LCR 7(e). As a result of this misrepresentation, the Court will not consider the last page (sections IX and X) of Centrovet's brief. *See* LCR 7(e)(6).

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 1

## I.   BACKGROUND

The parties entered into a contract appointing Centrovet as the distributor of various Syndel products. Dkt. No. 1 at 2; Dkt. No. 1-1 at 2–3, 16. After Syndel allegedly sought to replace Centrovet with another distributor, Centrovet filed suit in this Court, asserting claims against Syndel for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and declaratory judgment. Dkt. No. 1 at 3–4, 7–11. Centrovet then filed a motion for temporary restraining order and preliminary injunction, Dkt. No. 11, and Syndel filed a motion to dismiss based on the forum selection clause in the parties' contract, Dkt. No. 17.

The Court found that the forum selection clause was valid and unambiguously evinced the parties' intent to litigate their disputes exclusively in the state courts in Whatcom County, Washington. Dkt. No. 30 at 4–12. Accordingly, the Court dismissed Centrovet's complaint without prejudice on the grounds of *forum non conveniens*. *Id.* at 12.[2] Following the Court's entry of judgment, Dkt. No. 31, Syndel timely filed this motion for attorney's fees and costs, Dkt. No. 32.[3]

## II.   DISCUSSION

Syndel seeks attorney's fees and costs under Federal Rule of Civil Procedure 54(d), arguing that the parties' contract constitutes "other grounds" upon which the Court can award fees, and that the indemnification provision requires Centrovet to reimburse Syndel for the fees and costs it incurred due to Centrovet's breach of the forum selection clause. *See generally* Dkt. No. 34.[4] As

---

[2] Centrovet subsequently refiled its complaint in Whatcom County Superior Court. *Centro Veterinario y Agricola Limitada v. Aquatic Life Sciences*, No. 23-2-00923-8, (Whatcom Cnty. Sup. Ct. June 26, 2023).

[3] Under Rule 54, attorney's fee motions "must . . . be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). Syndel's motion was filed on July 5, 2023, Dkt. No. 32, and the judgment was entered on June 20, 2023, Dkt. No. 31 (judgment); *see also* Fed. R. Civ. P. 6(a)(1)(C) (stating that a time period measured in days "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); Fed. R. Civ. P. 6(a)(6)(A) (Independence Day is a legal holiday).

[4] Although "[a] request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), Syndel's motion cannot be resolved by simple resort to a contract fee-shifting provision. Instead, it turns on questions of detailed contract interpretation. As Syndel has repeatedly and successfully argued, the parties'

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 2

1  explained in greater detail below, even assuming without deciding that the indemnification

2  provision allows for first-party recovery of attorney's fees and costs, Syndel is entitled to neither.

3  **A.      Legal Standards**

4      In Washington, each party in a civil action must pay its own attorney fees and costs absent

5  a contract, statute, or a recognized ground in equity for allowing fees. *Cosmopolitan Eng'g Grp.,*

6  *Inc. v. Ondeo Degremont, Inc.*, 149 P.3d 666, 669 (Wash. 2006).[5] Consistent with that rule, Federal

7  Rule of Civil Procedure 54(d)(2) provides a mechanism for awarding attorney's fees when

8  authorized by "statute, rule, or other grounds entitling the movant to the award[.]" Fed. R. Civ. P.

9  54(d)(2)(B)(ii). The movant bears the burden of establishing its entitlement to an award of fees.

10  *Hensley*, 461 U.S. at 437.

11      In contrast, with respect to costs, the burden is on the losing party to overcome the

12  presumption under Rule 54(d)(1) that costs "should be allowed to the prevailing party" unless a

13  federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *Save Our*

14  *Valley v. Sound Transit,* 335 F.3d 932, 946 (9th Cir. 2003). Although the rule "creates a

15  presumption in favor of awarding costs to a prevailing party," it "vests in the district court

16  discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d

17  572, 591 (9th Cir. 2000) (en banc).

18

19

20

---

21  forum selection clause mandates that any contract disputes will be litigated in another forum. Given those arguments and the fact that Syndel could have sought the same relief "in conjunction with Centrovet's newly filed Whatcom
22  County Superior Court action," Dkt. No. 35 at 7–8, it is curious that it chose to use Rule 54 as a vehicle to ask this Court to construe the contract, *see generally* Dkt. Nos. 32, 35.

23  [5] The parties' contract requires that it be "construed and interpreted in accordance with the laws of Washington State USA." Dkt. No. 11-12 at 15; *see also Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1235, 1242 (W.D. Wash. 2014) (under Washington law, courts generally enforce an agreement's choice of governing law absent a
24  conflict between the laws of Washington and the agreement's choice of law provision).

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 3

1    **B.    Findings of Fact Regarding Syndel's Motion for Attorney's Fees[6]**

2        1.  Article 21, the "Liability—Insurance" section of the parties' contract, provides as

3            follows:

4                Both parties shall indemnify and defend the other Party . . . (all together
                designated hereafter as the "Indemnified Persons") and shall hold each of
5                them harmless from and against, and shall compensate and reimburse any
                Indemnified Person for, any loss, liability, claim, damage or expense . . .
6                which are suffered or incurred by any Indemnified Person and which arise
                from or as a result or a direct consequence of . . . the material breach of any
7                obligation under this Agreement[.]

8        Dkt. No. 11-12 at 13; *see* Dkt. No. 32 at 3, 6.

9        2.  On May 11, 2023, Centrovet filed suit against Syndel in this Court, asserting state law

10           claims for breach of contract, breach of the implied duty of good faith and fair dealing,

11           unjust enrichment, and declaratory judgment. Dkt. No. 1.

12       3.  The parties filed dueling motions: Centrovet filed a motion for a temporary restraining

13           order and preliminary injunction, Dkt. No. 11, and Syndel filed a motion to dismiss

14           based on the contract's forum selection clause. Dkt. No. 12.

15       4.  The forum selection clause, located in Article 27 of the contract, states: "In case of a

16           dispute which cannot be solved amicably, the Parties agree that only the courts of

17           Washington State, Whatcom County USA will be competent for settlement of the

18           dispute." Dkt. No. 11-12 at 15.

19       5.  The Court granted Syndel's motion to dismiss, denied Centrovet's motion without

20           prejudice, and dismissed the case without prejudice, holding that the contract's forum

21           selection clause required the parties to litigate their dispute in the state courts of

22

23   ---
     [6] *See* Fed. R. Civ. P. 54(d)(2)(C). To the extent any of the Court's findings of fact may be deemed conclusions of law,
     they shall also be considered conclusions of law. Similarly, to the extent any of the Court's conclusions of law may
24   be deemed findings of fact, they shall also be considered findings of fact.

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 4

1      Whatcom County. *See generally* Dkt. No. 30.

2   6.   Syndel now contends that because Centrovet materially breached the forum selection

3        clause of the contract, Article 21 requires Centrovet to reimburse Syndel for the

4        expenses it incurred in filing its motion to dismiss and response to Centrovet's motion

5        for a temporary restraining order. *See generally* Dkt. No. 32.

6   7.   Centrovet counters that (1) Syndel fails to meet its burdens of proof and persuasion

7        with respect to its request for attorney's fees, (2) Syndel is not entitled to fees or costs

8        because it is not a "prevailing party,"[7] (3) Article 21 does not apply because it provides

9        indemnification for third party actions only and is not a fee-shifting provision; and

10       (4) even if it provide fee-shifting for first parties, Syndel has not shown any breach of

11       an "obligation," let alone a "material" one. Dkt. No. 34 at 6–14.[8]

12  8.   It is undisputed that Syndel incurred expenses as a result of Centrovet filing its lawsuit

13       in the wrong forum.

14       8.1. Notably, some of those expenses may have been incurred regardless of whether

15            Centrovet filed in the correct forum. For example, much of the work Syndel

16            performed in responding to Centrovet's motion for a temporary restraining order

17            could be recycled in state court (presuming that Centrovet filed a similar or related

18            motion there).

19  9.   Nevertheless, Syndel has not shown that the forum selection clause is an "obligation"

20       within the meaning of the indemnification provision.

---

[7] In its brief, Centrovet repeatedly misunderstands the issues and misreads the law. For example, it is not true, as Centrovet claims, that "FRCP 54(d) entitles only 'prevailing' parties to recover attorney fees." Dkt. No. 34 at 6. Rule 54(d)*(1)* allows the "prevailing party" to recover *costs*, but "prevailing party" appears nowhere in 54(d)*(2)*, the portion of Rule 54 governing attorney's fees. Fed. R. Civ. P. 54(d)(2). This is just one example of many.

[8] Centrovet also criticizes Syndel for "neglecting to even attach 'the contract' at issue[.]" *Id.* at 2. That argument warrants little consideration because the contract is already in the record, Dkt. Nos. 1-1, 11-12, and Syndel may rely on the previously filed copies without refiling the contract, LCR 10(e)(6).

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 5

9.1. "Indemnity provisions are subject to fundamental rules of contract construction and are to be construed to carry out the intent of the parties." *Scruggs v. Jefferson Cnty.*, 567 P.2d 257, 259 (Wash. Ct. App. 1977). "Where the terms of a contract are plain and unambiguous, the intention of the parties shall be ascertained from the language employed." *Schauerman v. Haag*, 416 P.2d 88, 91 (Wash. 1966). And "[w]ords of a contract should be given their ordinary meaning unless context or definition require otherwise." *Id.*; *see also Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (Washington courts "impute an intention corresponding to the reasonable meaning of the words used" based on the words' "ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent").

9.2. Beyond conclusory assertions, Syndel makes no attempt to demonstrate that the forum selection clause is an "obligation" within the meaning of Article 21. *See generally* Dkt. Nos. 32, 35.

9.3. The parties' use of the term "obligation" in Article 21 and elsewhere in the contract supports Centrovet's interpretation of the term as one relating to "the parties' business obligations under the Supply Agreement[.]" Dkt. No. 34 at 14.

9.3.1. Outside subsection (ii), Article 21 uses "obligation" as follows:

- An Indemnified Person shall be indemnified from Damages arising from "gross negligence or wilful misconduct in connection with the performance of [the other party's] **obligations** under this Agreement[.]" Dkt. No. 11-12 at 13 (emphasis added).

- "Each Party is solely liable for the accomplishment of all the formalities, declarations related to its **obligations**. Each party shall do it at its own

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 6

1    costs." *Id.* (emphasis added).

2    9.3.2.  Each party's responsibility for formalities and declarations related to its

3    "obligations" indicates that the term relates to the parties' substantive business

4    obligations under the contract. The contract governs the parties' international

5    distributorship arrangement, and includes obligations involving formalities

6    and declarations relating to, for example, regulatory requirements,

7    government approvals, intellectual property, and quality control. *See, e.g.*, *id.*

8    at 4 ("[Syndel] shall be responsible at its own expenses for obtaining and

9    maintaining in [Syndel]'s name the Product Registrations and any other

10   governmental or certifying body permits, authorizations and certifications

11   necessary."); *id.* at 5 ("[Syndel] shall send to CENTROVET with every batch

12   of Product, the certificate of analysis," and "will keep all the batch

13   documentation of the Products after the date of delivery of the Products to

14   CENTROVET in accordance with government regulations."); *id.* at 9

15   (requiring the parties to comply "with the pharmacovigilance **obligations** as

16   defined under local rules in the Territory" and share "all relevant information"

17   related thereto "in order to allow the parties to assume their **obligations** and

18   responsibilities" (emphasis added)); *id.* at 10 ("[Syndel] shall deliver the

19   Products with their primary and secondary packaging in compliance with the

20   Product Registrations and in accordance with CENTROVET's graphic arts

21   and packaging trade dress directions," and Centrovet's "**obligation**" to not

22   register an infringing trademark survives termination (emphasis added)); *id.*

23   at 11 ("This **obligation** [of confidentiality] shall survive termination[.]"

24   (emphasis added)).

9.3.3.  Significantly, Article 6.1 states that "[t]he Products shall be manufactured under [Syndel]'s liability even when the Product Manufacturer is not [Syndel]," and such "Product Manufacturer"—who again, may not be Syndel—"shall have full capacity and authority to fulfill the **obligations** established under the Agreement and, has all necessary licenses, permits and consents to manufacture the Product for sale of the Products in any country of the Territory." *Id.* at 5 (emphasis added). This use of "obligations" further underscores that the term refers to the business obligations of the parties.

9.3.4.  Another indication of the parties' intent is their choice to repeat the indemnification obligations in provisions (1) governing product recall and (2) requiring Centrovet to "[c]omply with and follow all required governmental guidelines, rules and regulations for the Territory." *Id.* at 8–9. This emphasis further supports a construction of "obligation" as applying only to the substantive business responsibilities in the contract.

10. Even if suing in the correct forum were an "obligation" within the meaning of the indemnification provision, Syndel has not shown that Centrovet's actions constituted a "material" breach of that obligation.

10.1.    First, Syndel is plainly wrong in asserting that the Court's order dismissing this case was "a determination that Centrovet breached a material term of the Supply Agreement by filing in an incorrect forum[.]" Dkt. No. 32 at 4–5. The Court's order did not address materiality at all. *See generally* Dkt. No. 30.

10.2.    Second, Syndel does not address the relevant factors for determining materiality. "[M]ateriality is a term of art in contract analysis, and identifies a breach so significant it excuses the other party's performance and justifies

rescission of the contract." *Park Ave. Condo. Owners Ass'n v. Buchan Devs., L.L.C.*, 71 P.3d 692, 698 (Wash. Ct. App. 2003). A material breach is one "serious enough to justify the other party in abandoning the contract" and that "substantially defeats the purpose of the contract." *Id.* (quoting 6A Washington Pattern Jury Instructions: Civil 302.03, at 127 (1997)); *see also Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 765 P.2d 339, 343 (Wash. Ct. App. 1988) (listing factors to determine if a breach is material). Syndel only briefly addresses one of these factors. Dkt. No. 35 at 6–7.[9]

      10.3.      Third, even if it were true, as Syndel contends, that the parties intended "material breach" not to mean the widely recognized term of art discussed above, but rather a material violation of "any obligation" in the Supply Agreement, Dkt. No. 35 at 6, Syndel has still not carried its burden to show that Centrovet's breach was material. The parties agreed to litigate in the courts "of Washington State, Whatcom County USA[.]" Dkt. No. 11-12 at 15. Centrovet advanced non-

---

[9] The few courts that have addressed this issue (or similar issues) have found that a breach of a forum selection clause is not material. *See, e.g.*, *Holt Texas, Ltd v. Vita Inclinata Techs., Inc*, No. SA-23-CV-01130-JKP, 2023 WL 8040766, at *4 (W.D. Tex. Nov. 20, 2023); *Spreter v. AmerisourceBergen Corp.*, No. CIV.A. 12-2187 JEI, 2014 WL 5512150, at *9 (D.N.J. Oct. 30, 2014); *Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 658 (Tex. Ct. App. 2004), *opinion supplemented on overruling of reh'g* (Feb. 10, 2005); *Mgmt. Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 557 N.W.2d 67, 78 (Wis. 1996).

      Other courts have denied motions for fees or other damages based on the doctrine of election of remedies. "The purpose of the doctrine of election of remedies is to prevent a double redress for a single wrong." *Birchler v. Castello Land Co.*, 942 P.2d 968, 971 (Wash. 1997). Three elements must be present before a party will be held bound by an election of remedies: (1) two or more remedies must exist at the time of the election; (2) the remedies must be repugnant and inconsistent with each other; and (3) the party to be bound must have chosen one of them. *Id.* It does not appear that Washington courts have addressed whether this doctrine precludes a party who has received specific performance of a forum selection clause from seeking the additional remedy of damages for the same breach. Courts elsewhere have disagreed on this issue. *See, e.g.*, *Cognex Corp. v. Air Hydro Power, LLC*, 651 F. Supp. 3d 322, 329 (D. Mass. 2023) ("The breach of a contract provision which requires or proscribes certain conduct is not negated by cessation of the offending conduct if it has already caused loss to the non-breaching party."); *Texas Ed Tech Sols., LLC v. Authentica Sols., LLC*, No. 1:20-CV-00151-SDG, 2021 WL 1222296, at *3 (N.D. Ga. Apr. 1, 2021) ("Authentica has received specific performance of the forum selection provision. It would be inconsistent to allow Authentica to also pursue a breach claim premised on the same contractual provision."). However, the Court need not address this issue in light of its findings that Syndel has not established that Centrovet breached an "obligation," or that it did so in a "material" fashion.

frivolous arguments supporting its decision to file suit in this Court, *see, e.g.*, Dkt. No. 30 at 4, 7, 10; Dkt. No. 34 at 4; much of the work done by Syndel in this Court could be recycled in the state action, *see supra* ¶ 8.1, and enforcement of the forum selection clause did not eliminate any of Centrovet's claims against Syndel, Dkt. No. 30 at 12 (denying Centrovet's motion for a temporary restraining order without prejudice and dismissing the case without prejudice).

10.4.    Under these specific circumstances, Syndel has not shown that Centrovet's breach was material.

## C.    Conclusions of Law Regarding Syndel's Motion for Attorney's Fees

1.  Even assuming without deciding that the indemnification provision provides for first-party attorney's fees, because Syndel has not established that Centrovet breached an "obligation," or that it did so in a "material" fashion, as described in paragraphs 9 and 10 above, Syndel has not carried its burden to establish that it is entitled to such fees under Article 21.

## D.    Syndel Is Not Entitled to Its Costs Under Rule 54

Syndel also seeks an award of costs under Federal Rule of Civil Procedure 54(d)(1). However, Syndel is not entitled to costs under that rule because it has not identified any costs incurred. The declaration filed in support of its motion does not identify any costs and states only that "a fair estimate of reasonable attorney's fees and costs related to Syndel's Motion to Dismiss and Response to Plaintiff's Motion for Temporary Restraining Order will exceed $30,000.00." Dkt. No. 33 at 1–2. Syndel states that "[i]f the Court grants this motion confirming Syndel's entitlement to its reasonable attorney's fees and expenses/costs, a separate application to fix the amount of such fees and costs will be submitted" later. Dkt. No. 32 at 1; *see also* Dkt. No. 32-1 (proposed order). Syndel appears to suggest that it need only provide a fair estimate of the amount

1    sought, Dkt. No. 32 at 1; Dkt. No. 33 at 1–2, but such flexibility is accorded only with respect to

2    fees, not costs. *Compare* Fed. R. Civ. P. 54(d)(1) *with id.* -(d)(2)(B)(iii). The Court cannot

3    determine whether any costs were incurred or compensable without knowing the nature of those

4    alleged costs.

5            Syndel's proposal to supply the amount and basis for its alleged costs later also does not

6    comply with the procedural requirements of Local Civil Rule 54(d)(1). That rule requires a party

7    seeking costs to file a bill of costs that specifies all costs sought "so that the nature of the charge

8    can be readily understood." LCR 54(d)(1). The rule also requires the movant to "verify, in a

9    declaration sworn under penalty of perjury . . . that each requested cost is correct and has been

10   necessarily incurred in the case and that the services for which fees have been charged were

11   actually and necessarily performed." *Id.* Syndel has not filed a bill of costs or a supporting

12   declaration. And although Syndel avers that "[a]ttorney time and staff time for June 2023 ha[d]

13   not been finalized" at the time it filed its motion, Dkt. No. 33 at 1, it supplies no reason why it

14   could not provide the required specification of costs. To the extent something did prevent Syndel

15   from identifying costs by the deadline, it could have moved for relief from that deadline. *See* LCR

16   7(j).

17           Absent strict compliance with the federal and local rules governing the taxation of costs,

18   the request for costs is denied. *Felix v. Pic-N-Run, Inc.*, No. CV-09-8015-PCT-JAT, 2012 WL

19   551645, at *5 (D. Ariz. Feb. 21, 2012); *see also Sammann v. Est. of Sammann*, No. C05-0929-

20   RSL, 2006 WL 1148638, at *3 (W.D. Wash. Apr. 24, 2006) (denying defendants' requests for

21   their costs and attorney's fees because "they did not file a timely motion for that relief" under the

22   federal and local rules); *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 481 (D. Ariz. 2019)

23   ("Plaintiff's failure to strictly comply with the requirements of Fed. R. Civ. P. 54(d) and LRCiv

24   54.1 is fatal to his request for taxable costs."); *Namohala v. Maeda*, No. 11-00786-JMS-KSC, 2014

1    WL 1326584, at *4 (D. Haw. Apr. 1, 2014) (denying the defendants' request for taxable costs

2    because they failed to comply with the requirements of the court's local rule).

3                                          **III.   CONCLUSION**

4            For the foregoing reasons, the Court DENIES Syndel's motion for fees and costs. Dkt. No.

5    32.

6

7            Dated this 4th day of March, 2024.

8

9                                                            Lauren King
                                                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 12